OPINION OF THE COURT
Edward S. Conway, J.
This is a CPLR article 78 proceeding in which petitioner seeks a judgment directing the respondents to recompute and increase petitioner’s retirement allowance under Option 2 settlement, and to accord to petitioner all rights and benefits to which he is entitled as a member of the retirement system.
Petitioner joined the New York City Employees’ Retirement System in 1955. On April 1, 1977, petitioner, then a Criminal Court Judge of the City of New York, transferred his membership from the New York City Employees’ Retirement System to the New York State Employees’ Retirement System, pursu *24 ant to chapter 966 of the Laws of 1976 (formerly § 220, renum Judiciary Law, § 39). This section provided for the take-over of the expenses of the court system of the State of New York by the State. Pursuant to subdivision 9 of section 39, all Judges and employees of the courts who became employees of the State thereupon, became members of the New York State Employees’ Retirement System to the extent permitted by the provisions of the Retirement and Social Security Law.
On January 1, 1978, petitioner retired and selected Joint Allowance-Full (Option 2) as provided in section 90 of the Retirement and Social Security Law. The State Retirement System initially paid petitioner an annual retirement allowance under Option 2 of $13,815.18, which was later increased to $13,986.96. Had petitioner continued his membership in the city retirement system, he would have received an Option 2 annual retirement allowance of $14,639.
The difference between the city retirement allowance of $14,639 and the State retirement allowance of $13,986.96 arises from the fact that the mortality tables of the city retirement system are not identical to the tables in effect for the State retirement system and the State applied its own mortality tables.
The State retirement system explains that the applicant would have received the same pension as the city allows if he had selected Option 0-single life allowance. But since the applicant selected Option 2, the System has applied its option factors "which produce an Option 2 allowance which is slightly less than the Option 2 allowance which would have been calculated by the New York City System. This difference arises due to the fact that the mortality tables of the New York City Employees’ Retirement System are not identical to the tables in effect for the New York State Employees’ Retirement System.”
Petitioner contends that his retirement allowance was, as a result of the application of the State retirement system’s actuarial tables, reduced, diminished and impaired for the remainder of his life’s expectancy and that respondent, in determining petitioner’s retirement allowance, violated the provisions of subdivision d of section 43 of the Retirement and Social Security Law when it applied its own mortality tables.
This court agrees with the contentions of petitioner. Once the petitioner’s membership was transferred by the aforesaid statute (Judiciary Law, § 39) from the city system to the State *25 system, the State could not impair or diminish petitioner’s retirement allowance based upon mortality tables not in effect when he originally joined the city retirement system, and a diminution of benefits is prohibited by the Retirement and Social Security Law and by section 7 of article V of the New York State Constitution (see Birnbaum v New York State Teachers Retirement System, 5 NY2d 1).
When the State took over the costs of the courts and petitioner was transferred to the State retirement system, he was then receiving lesser benefits than he would have if he had stayed in the city system, and this diminution of retirement benefits violated his rights.
In view of the foregoing, the petition is granted.