In the Matter of IRVING SMITH, Respondent, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, Respondent, and NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM, Appellant.

Third Department, March 1, 1984

**APPEARANCES OF COUNSEL**

*Robert Abrams, Attorney-General* (*Alan W. Rubenstein* and *William J. Kogan* of counsel), for appellant.

*Siller & Galian* (*Sidney Siller* of counsel), for Irving Smith, respondent.

**OPINION OF THE COURT**

LEVINE, J.

Petitioner served as a Judge of the Civil Court of the City of New York from January 1, 1963 until his mandatory retirement at age 70 on December 31, 1979. Effective April 1, 1977, the State took over the expenses and operation of the court system, including that of the Civil Court of

the City of New York, and the Judges of that court became State employees (Judiciary Law, § 39, subd 6; L 1976, ch 966). The legislation further provided that all Judges and staff of the courts taken over became members of the New York State Employees' Retirement System, with appropriate transfers of contributions and reserves from their former retirement systems. However, it was further provided that Judges and court personnel who theretofore were members of the New York City Employees' Retirement System could, within 90 days of the effective date of the takeover, elect to remain in the city system (Judiciary Law, § 39, subd 9, par [a]; L 1976, ch 966, § 5). Petitioner made no such election. Therefore, upon his retirement, he was a member of the State retirement system, with two years and nine months of State service credit. The State retirement system determined his aggregate pension by separately calculating the portion thereof attributable to his New York City service up to March 31, 1977, and then adding thereto the portion of his pension attributable to his State service, based upon his final average salary over his two years and nine months of said service.

Petitioner sought a hearing and redetermination, claiming that, under subdivision d of section 43 of the Retirement and Social Security Law, his entire pension could be no less than what he would have received had he remained in the New York City Retirement System continuously throughout his total period of service. When the State Comptroller upheld the initial determination, petitioner brought the instant CPLR article 78 proceeding. Special Term agreed with petitioner and annulled the Comptroller's determination. This appeal then followed.

The judgment must be reversed since, in our view, Special Term misread subdivision d of section 43 of the Retirement and Social Security Law. Section 43 deals generally with the transfer of pension rights between the State retirement system and the separate systems of other governmental units when an individual changes employment from or to State service. Subdivision d of section 43 provides for the automatic transfer of the reserves attributable to the subject employee's pension from the first system to the second and for a carryover of service credit.

Regarding the calculation of a retiree's pension, subdivision d of section 43 provides that after three years of membership in the second retirement system, the pension is to be based on a final average salary earned during any five consecutive years of service in either system or in combination thereof. Where, however, upon retirement, there has been less than three years' membership in the second system, subdivision d provides that the retiree shall *not* "be entitled * * * to a greater or lesser pension for such service rendered before his transfer than he would have received had he remained under the pension provisions of the first retirement system".

Special Term's decision directing that petitioner must receive a pension based upon what he would have received had he remained in continuous service under the city's retirement system until final retirement failed to take into account that the no "greater or lesser pension" referred to in subdivision d is modified by the phrase "for such service rendered *before his transfer*" (emphasis added). That phrase can only be given effect by separately calculating the pension petitioner would have received solely for his New York City service under the city's retirement system, precisely as the Comptroller did in the instant case. Under subdivision d of section 43, separate calculation of pension rights under each system is only dispensed with when the retiree has had three or more years of service following transfer, in which case the employee is deemed to have been in continuous service under the second retirement system.

The foregoing analysis also conforms to the legislative history of present subdivision d of section 43 and its predecessor statutes. In its original form, the statute provided for a five-year, rather than three-year, cutoff period following transfer to the second retirement system, and only limited the retiree from receiving a greater (not lesser) pension than he would have received under the first system for his period of service under that system (see Civil Service Law, former § 73). In a letter to the Governor recommending approval of the bill adding the "or lesser" language to the statute, the State Pension Commission pointed out that reciprocally limiting pension rights dur-

ing the first five years of service was fiscally sound "[a]s a reserve adequate to such an allowance must be transferred into the [second] system" (Memorandum of State Commission on Pensions, March 23, 1944, Governor's Bill Jacket, L 1944, ch 752). The Comptroller's determination herein effectively ties in the portion of petitioner's pension attributable to New York City service to his contributions and reserve transferred from the city retirement system. Special Term's award of a pension on the basis of an assumed continuous service under the city retirement system up to petitioner's final retirement fails to accomplish that purpose. Upon enactment of the amendment of the statute reducing the cutoff period after transfer to the second system from five years to three years, the State Comptroller advised the Governor that, under the then existing law, "if a member retires within five years after he transfers to the second retirement system his pension would be computed *by separately considering his service in each retirement system*" (Memorandum of State Comptroller, April 18, 1955, Governor's Bill Jacket, L 1955, ch 712 [emphasis added]). On the basis of all of the foregoing, there clearly was a rational basis for the Comptroller's application of the pertinent statutory provisions of the Retirement and Social Security Law in the instant case.

We do not read *Matter of Vale v New York State Employees' Retirement System* (103 Misc 2d 23) as being inconsistent with our holding herein. In *Vale,* the State system applied an actuarial table to the retiree's aggregate New York City and State service less favorable than that which the city's retirement system would have applied. All but nine months of his governmental employment was with the city. Thus, the court in *Vale* was absolutely correct in concluding that, as to the retiree's "service rendered before his transfer" (Retirement and Social Security Law, § 43, subd d), the use of the less favorable actuarial table resulted in a lesser pension than if he had remained in the city's retirement system.

The judgment should, therefore, be reversed and the petition dismissed.

MAIN, J. P., CASEY, MIKOLL and YESAWICH, JR., JJ., concur.

Judgment reversed, on the law, and petition dismissed, without costs.