OPINION OF THE COURT
Stephen G. Crane, J.
This is a CPLR article 78 proceeding in which petitioner Samuel Yancey seeks: (1) an order annulling and setting aside as an error of law, arbitrary and capricious, and an abuse of discretion, the determination of respondents Sally HernandezPinero and the New York City Housing Authority (hereinafter referred to as NYCHA or respondents) finding petitioner ineligible for admission to public housing; and (2) a judgment finding petitioner eligible for tenancy in public housing on a "Priority I” basis.
Petitioner is 53 years old and has been disabled and unable to work since 1985. Since that time, petitioner’s only source of income has been the Supplemental Security Income benefits he receives which total approximately $508 per month.
From 1985 to 1991, petitioner rented a one-bedroom apartment located at 300 West 144th Street, for which he paid $225 per month. In January 1991, he filed an application for admission to public housing with the respondent NYCHA. Before the petitioner was contacted by NYCHA for an interview regarding his application, however, he was evicted from his apartment at West 144th Street for nonpayment of rent. When petitioner was interviewed for admission to public housing on March 12, 1992, more than one year after submitting his application, he was living in a homeless shelter. At *516 the interview, petitioner duly advised that he had been evicted from his apartment for nonpayment of rent and that he was homeless. On that same date, respondents denied petitioner’s request for admission to public housing, finding him ineligible on the ground that his "past rent paying pattern is not one showing early monthly payments which [NYCHA] require[s].”
Petitioner requested an informal hearing to review the respondents’ determination. A hearing was held on July 20, 1992 at which petitioner appeared and was represented by counsel. On July 21, 1992, the Hearing Officer issued a decision sustaining the NYCHA’s determination that petitioner was ineligible for admission to public housing on the basis of his poor rent record. Petitioner then brought this article 78 proceeding to annul the Hearing Officer’s determination.
In their answer to the petition, respondents set forth three affirmative defenses, to wit: (1) that this proceeding is barred by the applicable Statute of Limitations; (2) that this court lacks personal jurisdiction over the respondents; and (3) that the petition fails to state a cause of action. Respondents’ affirmative defenses will be addressed out of order.
The second affirmative defense raised by respondents is that this court lacks personal jurisdiction over them because petitioner failed to file proof of service of the notice of petition and petition within 15 days of the expiration of the Statute of Limitations, as required by CPLR 306-b (a).
The Hearing Officer rendered a written determination of petitioner’s ineligibility on July 21, 1992. Petitioner’s counsel, however, did not receive a copy of that decision until October 9, 1992. The notice of petition and petition then were filed in this court on February 8, 1993, together with petitioner’s attorney’s affirmation of service by mail. Accordingly, petitioner asserts that proof of service properly was filed in this proceeding.
Prior to 1991, an action was commenced and jurisdiction obtained merely by the service of a summons on the adverse party (see, CPLR former 304). Filing proof of service thereafter was optional, except in a few specific instances in which filing was a prerequisite to completion of service (Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C306-a:l, 1993 Pocket Part, at 43). Even with those methods that mandated a filing, however, the failure to file had no jurisdictional consequence; it affected only the defen *517 dant’s answering time (Siegel, NY Prac, 1992 Pocket Part, Appendix, at 40 [2d ed]).
This procedure first changed in 1991 with CPLR 306-a (a) (L 1991, ch 166, § 381) which required the purchase of an index number by mandating that proof of service be filed in all actions within 30 days after service of process was complete (1 Weinstein-Korn-Miller, NY Civ Prac [f 306-a.01). The purpose of this measure was to raise revenue by forcing litigants to file a summons within 30 days after service and to collect the $170 filing fee (Arkin, NY’s New Commencement By Filing Law, § 3, at 8 [1992 Pamph]). However, this purpose largely was defeated by CPLR 306-a (c), which provided that upon a failure timely to file the summons the court "shall order the filing thereof nunc pro tune” (see, CPLR former 306-a [c]). Thus, because there was no real consequence in failing to file and pay the requisite fee, this new "filing” requirement proved fairly innocuous (see, Siegel, NY Prac, 1992 Pocket Part, Appendix, at 39 [2d ed]).
In March 1992, CPLR 306-a was amended (L 1992, ch 55, § 394) to require a plaintiff to file a copy of the summons with the clerk and to obtain an index number before serving process on a defendant (Arkin, NY’s New Commencement By Filing Law, § 3, at 9 [1992 Pamph]). CPLR 306-a (a) and (b) further provided that the service of a summons without an index number was a nullity; it therefore was ineffective to secure jurisdiction over the defendant and did not commence the action within the meaning of CPLR 304 (1 Weinstein-Korn-Miller, NY Civ Prac |f 306-a.01). This new amendment further was reinforced by deleting the power of the courts previously provided under CPLR 306-a (c) to grant an order of filing nunc pro tune (ibid.).
This initial amendment, which was viewed as unduly harsh, triggered a large number of complaints before it even went into effect (ibid.; Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 306-a, 1993 Pocket Part, at 41). In response, the Legislature repealed the earlier legislation, re-amended CPLR 306-a, enacted CPLR 306-b, and amended several other CPLR provisions, including CPLR 304 (L 1992, ch 216, § 27) (1 Weinstein-Korn-Miller, NY Civ Prac H 306-a.01).
This new law, termed by many as the commencement-by-filing act, fundamentally changed the procedure for commencement of lawsuits in the Supreme and County Courts in *518 the State of New York.[1] In order to commence a special proceeding under this new system,[2] a would-be petitioner first must file the notice of petition or order to show cause with the clerk, together with the requisite fee for the purchase of an index number (CPLR 304, 306-a [a]). Such filing interposes the claim for Statute of Limitations purposes (CPLR 203 [c] [1]). After the notice of petition is filed, the petitioner then must effect proper service of the notice of petition or order to show cause on the respondent (together with the petition [CPLR 403 (b)]), ensuring that both the index number and the date of filing appear on the notice of petition or order to show cause (CPLR 305 [a]; Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 306-a, 1993 Pocket Part, at 41). Finally, a petitioner shall then file proof of service of process with the clerk of the court "not later than fifteen days after the date on which the applicable statute of limitations expires.” (CPLR 306-b [a].) The failure to file proof of service pursuant to CPLR 306-b (a) has jurisdictional consequences for it results in a dismissal of the special proceeding without prejudice (CPLR 306-b [a]; Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C306-b:l, 1993 Pocket Part, at 48).
In the case at bar, petitioner’s counsel submitted an affidavit from the attorney who filed the notice of petition and affirmation of service in this action. The attorney states in his affidavit "[I] filed an affirmation of service with this Court on February 8, 1993, together with the Notice of Petition and Petition. At that time, I received an Index Number and Receipt from the Clerk.” The language of this affirmation makes clear that petitioner’s counsel did not follow the new commencement-by-filing procedures. Rather, he attempted to commence this action pursuant to the old commencement-by-service procedures in that he served the notice of petition and petition on the respondents before filing the notice of petition, obtaining an index number or paying the requisite filing fee. *519 Thus, while petitioner’s subsequent filing of the notice of petition and petition may have been effective here to commence this proceeding against the respondents and to toll the Statute of Limitations, petitioner’s service of the notice of petition without an index number was a nullity. Because petitioner failed properly to serve the respondents, he never obtained personal jurisdiction over them. Under the new legislation, this necessitates a dismissal of the special proceeding, albeit without prejudice (CPLR 306-b [a]).[3]
Fortunately for petitioner, however, such a dismissal does not necessarily mean that he is left without recourse because the Legislature has provided litigants in petitioner’s situation with a second chance. A petitioner is entitled to commence a new action based upon the same transaction or occurrence, despite the intervening expiration of the Statute of Limitations, provided two criteria are met: (1) the action (or special proceeding) must have been timely commenced in the first instance; and (2) it must have been dismissed thereafter for failure to file proof of service pursuant to CPLR 306-b (a), or for failure to effect proper service of process (CPLR 306-b [b]; Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C306-b:2 — C306-b:3, 1993 Pocket Part, at 49, 50). In order to take advantage of this benefit, the petitioner then must commence the new action (i.e., file the notice of petition or order to show cause with the court) and serve the papers on the respondent within 15 days of the date of dismissal[4] 5(CPLR 306-b [b]; Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C306-b:2— C306-b:3, 1993 Pocket Part, at 49, 50).[5]
Applying the above requirements to the case at bar, peti *520 tioner may re-commence this special proceeding only if it was timely commenced against respondents in the first instance. As previously stated, petitioner’s counsel received the Hearing Officer’s determination on October 9, 1992. Hence, that is the date on which the determination became final and binding on the petitioner, and he had four months from that time within which to commence this proceeding (CPLR 217; see, New York State Assn. of Counties v Axelrod, 78 NY2d 158, 165). Petitioner filed his notice of petition and petition within the four-month period on February 8, 1993. Accordingly, petitioner’s proceeding appears to have been timely commenced.
As their first affirmative defense to the petition, however, the respondents assert that this proceeding was not timely commenced. Respondents’ counsel contests neither the date on which petitioner’s counsel received a copy of the Hearing Officer’s decision, nor the computation of the Statute of Limitations period. Rather, respondents contend that the petition as originally filed merely was verified by petitioner’s counsel, and was not verified by the petitioner himself until February 23, 1993, and was not filed until February 26, 1993, more than two weeks after the expiration of the Statute of Limitations period. Thus, it is on this basis that the respondents argue petitioner’s action is time barred.
A petition in an article 78 proceeding must be verified by a party to the action (see, CPLR 7804 [d]; 3020 [d]). Although verification of a pleading by an attorney rather than a party is not normally permissible, there are certain situations in which such practice is specifically authorized by statute (see, CPLR 3020 [d]). In such instances, however, there must be careful compliance with the mandates of CPLR 3021. Thus, although in the present case petitioner’s attorney explained that she was verifying the petition because she could not contact the petitioner and the petition would not otherwise have been timely, she failed to "set forth in the affidavit the grounds of [her] belief as to all matters not stated upon [her] knowledge.” (CPLR 3021.) However, respondents’ first objection to the verification came in their answer, which was served approximately seven weeks after their receipt of the petition. Any objection to the defect in the petition, therefore, was waived by respondents’ failure to give notice with due diligence of their intention to treat the pleading as a nullity *521 on the basis of that defect (see, CPLR 3022; Matter of Giamhra v Commissioner of Motor Vehicles of State of N. Y., 46 NY2d 743, 745; see also, Matter of Lentlie v Egan, 94 AD2d 839, 840 [failure to give notice within 24 hours, or immediately, constitutes waiver], affd 61 NY2d 874; Matter of Nafalski v Toia, 63 AD2d 1039, 1040 [rejection of unverified article 78 petition two weeks after receipt waives the defect]).
Furthermore, the lack of verification should be treated as a technical defect which, in the absence of prejudice to a substantial right of a party, must be disregarded (see, CPLR 2001, 3026; Deepdale Gardens Third Corp. v Bechky, 104 AD2d 846, appeal dismissed 64 NY2d 610). In the case at bar, respondents do not allege that they have suffered any prejudice; nor does the court perceive any prejudice to respondents other than the loss of their statutory right to a verified petition, which they have waived. Accordingly, petitioner’s article 78 proceeding is not barred by the Statute of Limitations.
Thus, because the notice of petition (and petition) timely were filed in the first instance, petitioner may re-commence this proceeding, even though the Statute of Limitations has expired in the interim, in strict accordance with the provisions of CPLR 306-b (b).
Accordingly, the proceeding is dismissed without prejudice.

. The commencement-by-filing procedures became effective on July 1, 1992 and apply to all actions commenced on or after that date (L 1992, ch 216, § 27). However, the new law provided a grace period until December 31, 1992, whereby an action could still be commenced by service, provided that an index number was purchased on or before December 31, 1992 (see, CPLR 304).

. CPLR 304 governs the method of commencement of both an action and a special proceeding. Because the case before the court is a proceeding brought pursuant to CPLR article 78, this discussion will focus only on the requirements for the commencement of special proceedings.

. Although petitioner’s counsel later re-served the respondents with an amended notice of petition and petition, and filed proof of service thereafter, this did not serve to correct counsel’s error since neither occurred until February 26, 1993, more than 15 days after the expiration of the Statute of Limitations.

. A litigant whose action is dismissed for lack of personal jurisdiction no longer is entitled to the six-month grace period previously provided by CPLR 205 since that statute was amended by chapter 216 to codify existing case law to that effect (see, CPLR 205; Parker v Mack, 61 NY2d 114).

. CPLR 306-b (b) does not specifically provide that proof of service also must be filed within this 15-day period. Several commentators have noted that this probably is necessary particularly where the Statute of Limitations has expired since the court may be constrained by CPLR 201 from granting an extension of time to file pursuant to CPLR 2004 (see, Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C306-b:l, 1993 Pocket Part, at 48-49; Blair & Aloe, New Commencement By Filing Law: A *520 Practitioner’s Survival Guide, NYLJ, June 26, 1992, at 1, col 1; but see, Siegel, NY Prac, 1992 Pocket Part, Appendix, at 44 [2d ed]).