OPINION OF THE COURT
Wayne P. Saitta, J.
Petitioner commenced this CPLR article 78 proceeding to challenge the termination of her section 8 rent subsidy by respondent Hernandez. Petitioner seeks a judgment: (1) reviewing and annulling the decision to terminate her section 8 rent subsidy; (2) restoring petitioner’s rent subsidy; (3) prohibiting respondent Anis Realty from proceeding in a nonpayment proceeding commenced in Kings County Housing Court; as well as (4) for such other and further relief as may be just and proper. Respondent Hernandez as Chairman of the New York City Housing Authority (hereinafter NYCHA.) cross-moves to dismiss the petition as untimely and on the grounds that NYCHA properly complied with its termination procedures.
Upon the reading of the order to show cause and verified petition of Marcia Almeida dated June 24, 2005, the affirmation of Deanna Clark dated June 23, 2005 and the exhibits annexed thereto, the supplemental affirmation of Deanna Clark dated June 27, 2005, respondent NYCHA’s notice of cross motion to dismiss dated July 26, 2005, the affirmation in support of Joaquin Yordan dated July 26, 2005, the affidavit in support of the cross motion of Susan Smolowitz dated July 22, 2005, the affidavit in support of the cross motion of Robin Wall dated July 22, 2005 and the exhibits annexed thereto, and respondent Hernandez’ memorandum of law dated July 25, 2005, and after hearing argument of counsel and all proceedings heretofore had herein and after due deliberation, the petition is granted for the reasons set forth below.
Petitioner Marcia Almeida is a tenant at 693 Flatbush Avenue, apartment 10, Brooklyn, New York. Prior to moving to 693 Flatbush Avenue she lived for six months with her two children in a shelter for victims of domestic violence operated by Safe *988 Horizon. Safe Horizon assisted her in obtaining a section 8 certificate for her current apartment. She entered into a lease for the apartment with respondent Anis Realty. The rent for the apartment is $1,104 of which $943 is paid for by the section 8 subsidy.
In October of 2004, petitioner hand delivered her annual recertification papers to respondent NYCHA’s offices. While NYCHA admits that petitioner did deliver her recertification forms, NYCHA claims that the forms were not signed and were missing some information.
NYCHA states that it sent a “Notice of Termination of Section 8 Subsidy” dated November 15, 2004, in both English and Spanish, to respondent by certified and regular mail. NYCHA further states that having received no response from petitioner it mailed a “Notice of Default: Termination of Section 8 Subsidy,” in both English and Spanish, by certified and regular mail on December 15, 2004. The notice of default, which was part of the termination process mandated by the consent judgment entered into in Williams v New York City Hous. Auth. (US Dist Ct, SD NY, 81 Civ 1801), stated that if petitioner did not request a hearing, her section 8 subsidy would be terminated 45 days after the date of the notice.
Petitioner asserts that she did not receive either notice by certified or by regular mail.
Petitioner’s subsidy was terminated on February 28, 2005. Safe Horizon wrote a letter on petitioner’s behalf dated March 7, 2005 asking NYCHA not to terminate her subsidy and explaining that without the subsidy she would become homeless.
NYCHA denied the request. In denying the request, NYCHA did not contend that petitioner no longer meets the eligibility requirement for a section 8 subsidy, but terminated her subsidy solely for failing to fully complete her recertification forms and for not responding to the notice of termination and notice of default.
After her subsidy was terminated petitioner was unable to pay the rent for her apartment and respondent Anis Realty commenced summary proceedings to evict her and her two children. The eviction proceeding is stayed pending the determination of this petition.
NYCHA cross-moves to dismiss the petition on the grounds that it is barred by the statute of limitations and that NYCHA *989 complied with the termination procedure imposed by the consent judgment in Williams.
Statute of Limitations
The statute of limitations for article 78 proceedings is four months, and runs from the time the determination to be reviewed becomes final and binding on petitioner. Petitioner commenced this proceeding on June 24, 2005. Respondent NYCHA argues that the determination became final and binding on December 20, 2004, five days after the date the notice of default was alleged to have been mailed, and that the statute of limitations expired on April 30, 2005. Petitioner’s position is that she never received the December 15th notice of default.
The Williams consent judgment provides in paragraph 22 (f) that “for the purposes of Section 217 and Article 78 of the CPLR the determination to terminate a subsidy shall in all cases, become final and binding upon receipt of . . . the Notice of Default, pursuant to paragraph ‘3 (e)’ above . . . .”
Thus, it is the date of the receipt of the notice, not the mailing of the notice, which starts the running of the four-month statute of limitations period.
Paragraph 22 (g) of the Williams consent judgment further provides that there is a rebuttable presumption of receipt of the notices on the fifth day following the date of the mailing. If the notice of default was mailed out on December 15, 2004 then there would be a presumption of receipt on December 20, 2004.
Petitioner, however, denies receipt of the notice of default. It is not contested that the copy of the notice of default sent by certified mail was in fact not received by petitioner, and was returned to NYCHA as unclaimed. Therefore, the presumption of receipt of the notice sent by certified mail has been rebutted. Under the Williams consent judgment, the statute of limitations runs from receipt rather than service of the notice. The fact that petitioner did not go to the post office to claim the notice does not establish receipt or start the statute of limitations period running.
Respondent NYCHA claims to have sent a second copy by regular mail, but offers no evidence in admissible form to contradict petitioner’s denial of receipt. Nor does it offer any evidence that the first-class mailing was made. In contrast to the log for certified mail, NYCHA has not adduced a certificate of first-class mail to establish that the notice of default was sent to petitioner by regular mail. Nor has NYCHA submitted an affi *990 davit by anyone with personal knowledge attesting that the notice was sent by regular mail.
Although in her affidavit Susan Smolowitz swears that the notice was mailed out of the mail room by regular mail, it is clear from the rest of her affidavit that she has no personal knowledge whether, after the envelopes left her office for delivery to the mail room, personnel in the mail room in fact mailed a copy of the notice of default to petitioner by regular mail. Ms. Smolowitz is merely reciting NYCHA’s general procedure.
More significantly, the affidavit by Robin Wall, a mail room employee who presumably would have personal knowledge, does not state that the notice was sent to petitioner by regular mail. The Wall affidavit discusses generally what the office procedures are, and it appears only to discuss the procedures for certified mail. Wall states that they prepare a log of mail sent by certified mail, but does not state that any log or written record was kept of the regular mail. Nor has NYCHA produced any log or other record of a regular mailing to petitioner.
NYCHA argues that there is a judicial presumption that petitioner received notices sent by regular mail and that denial of receipt cannot rebut that presumption. However, the three cases cited by NYCHA do not support that argument. First, Matter of Fowler v Marks (241 AD2d 928, 929 [4th Dept 1997]) held that “[t]he contention of petitioner that he did not receive the documents is insufficient to rebut the presumption that a proper mailing occurred.” That case involved a service by mailing pursuant to CPLR 2103 (c). In this instant case, however, it is the presumption of receipt pursuant to the Williams consent judgment, rather than the presumption of proper service by mail under CPLR that is at issue. Similarly, the second case cited by NYCHA, American Sav. & Loan Assn. v Twin Eagles Bruce (208 AD2d 446 [1st Dept 1994]), held that the service by mail could not be rebutted by a denial of receipt alone. In the third case cited, Matter of Yancey v Hernandez-Pinero (158 Misc 2d 514 [Sup Ct, NY County 1993]), the court actually found the petition was timely, and held that the statute of limitations ran from the date of receipt of the notice of determination.
Under the Williams consent judgment, it is the receipt, not the mailing, that starts the statute of limitations period running. The presumption of receipt has been adequately rebutted by the facts that the certified mail was not delivered and that petitioner denies receipt of the notice by regular mail *991 together with the absence of any documentary evidence or sworn statement by someone with personal knowledge that the notice had been mailed to this petitioner by regular mail.
Notices of Default and Termination
Respondent NYCHA terminated petitioner’s subsidy because her recertification package was not fully completed and because she did not respond to the notices of termination and default. NYCHA has not contended that petitioner is not substantively eligible for the continued subsidy or has had any change in circumstances that would require termination.
Respondent NYCHA contends that it has complied with their termination procedures as well as the requirements set forth in the Williams consent judgment.
Paragraphs 3 (a) and (e) of the consent judgment require among other things that the notice of termination and notice of default be sent in English and Spanish.
While Ms. Smolowitz asserts in her affidavit that the notices were printed in English and Spanish, the copies annexed to the moving papers reveal that the forms were only partially in Spanish.
Both the notice of termination and notice of default, although printed in Spanish, were filled out in English. The information specific to petitioner’s case, the fact that she had not signed the forms, that her employer had to complete an employment form and that she had to submit a welfare budget, was in English, not Spanish.
Paragraph 3 (b) of the consent judgment requires that the notice shall state the proposed adverse action and specific grounds for NYCHA’s complaint with enough specificity for the participant to prepare a defense. Clearly, a notice in which the boiler plate is in Spanish and all the information particular to the case is in English does not meet the requirements under the consent judgment. Therefore, the notice of termination and notice of default are defective, void, and without effect and the termination of petitioner’s subsidy based on the notice must be annulled.
Wherefore, the petition is granted and respondent Hernandez is directed to restore petitioner’s section 8 subsidy forthwith, retroactive to February 28, 2005.