■ NEWTON GARMENT CARRIERS, INC., Appellant, v CONSOLIDATED CARRIERS CORP. et al., Respondents, et al., Defendants. [673 NYS2d 631] —Orders, Supreme Court, New York County (Herman Cahn, J.), entered April 22, 1997 and May 21, 1997, which, to the extent appealed from as limited by plaintiff's brief, granted the Consolidated defendants' motion to dismiss the nine causes of action asserted against them in the complaint as barred by the doctrine of res judicata and granted the motion of defendants Friedman and Ricky Transfer Co. to dismiss the complaint's seventh cause of action for failure to state a cause of action, unanimously affirmed, with costs.

The seventh cause of action, asserted against defendants Friedman and Ricky Transfer, alleges that, after Friedman was terminated from plaintiff's employ, those defendants improperly solicited the business of a large number of plaintiff's customers, including many businesses on a customer list plaintiff had purchased from a trucking company as part of the trucking company's divestiture, which divestiture had been compelled by a plea agreement entered into in settlement of a criminal action against the trucking company and others for allegedly participating in an illegal cartel to maintain artificially high prices for trucking services in the New York metropolitan area garment industry. We reject plaintiff's claim that the customer list in question was a valid trade secret and thus, agree with the IAS Court that plaintiff has failed to state an actionable claim against defendants Friedman and Ricky Transfer. The claim that the customer list is a trade secret is contradicted by the complaint itself, which indicates that the information obtained by defendant Friedman was not private, but rather in the public domain by reason of the State's ongoing effort to insure competition among trucking companies servicing the garment industry, and because Friedman, who was simultaneously employed by another trucking company, Ricky Transfer, had independent access to the information claimed by plaintiff to be proprietary.

With regard to plaintiff's claim that the IAS Court erroneously dismissed the nine causes of action asserted against the Consolidated defendants as barred by the doctrine of res judicata, the doctrine of res judicata, or claim preclusion, forecloses a party from relitigating a cause of action that was the subject matter of a former lawsuit, or from raising issues or defenses that might have been litigated in the first suit

(*Gramatan Home Investors Corp. v Lopez*, 46 NY2d 481, 485; *Chisholm-Ryder Co. v Sommer & Sommer*, 78 AD2d 143). In a prior proceeding, Supreme Court adopted a Special Master's report which found plaintiff to be in default under the Asset Purchase Agreement pursuant to which plaintiff purchased the Consolidated defendants' customer list. In its causes of action asserted against defendants in the instant complaint, plaintiff attacks the validity of said Asset Purchase Agreement, requesting that it be declared null and void, or rescinded, or reformed. The claims essential to these causes, however, were either raised or should have been raised by plaintiff as affirmative defenses to the default asserted against it in the prior proceeding. Accordingly, plaintiff's attempt in respect to the nine presently disputed causes of action to relitigate the prior judicial finding that it had defaulted under the Asset Purchase Agreement was properly deemed by the IAS Court to be transactionally barred by the doctrine of res judicata.

We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Nardelli, Wallach and Rubin, JJ.