OPINION OF THE COURT
 

 Ciparick, J.
 

 The dispute in this case arises out of an attempt by petitioner, one year before his retirement, to combine prior ser
 
 *67
 
 vice in the New York State and Local Employees’ Retirement System (NYSLERS) with 31 years of current service in the State Teachers’ Retirement System (TRS), and thus receive greater pension benefits for the combined period. Relying on Retirement and Social Security Law § 43 (d) and Education Law § 522 (2), TRS determined that petitioner could not combine the time of service in each system in the calculation of his retirement allowance because he sought to do so within three years of his retirement date. Since petitioner did not transfer employment within three years of retiring, we conclude that these statutes do not bar petitioner’s receipt of a combined retirement allowance.
 

 From 1958 to 1971, petitioner was seasonally employed primarily as a lifeguard by the Long Island State Park Region of the New York State Office of Parks, Recreation and Historic Preservation. For the 31 years leading up to January 1994, petitioner also served as a full-time public school teacher. In 1994, petitioner applied to NYSLERS to have the time accrued from the State parks employment transferred to TRS. NYSLERS informed petitioner that he was a member of NYSLERS as of June 1958, but because his State parks service overlapped with his service as a teacher, his entire period of service in NYSLERS was not available for transfer. Rather, only five years and seven months of service credit — corresponding to time that preceded his teaching position — could be transferred.
 

 Petitioner was later advised by TRS that a transfer of five years and seven months of service credit had been completed. However, his pension checks did not reflect the credit for his time with the State parks. TRS explained that transfers were “restricted if the request to transfer is within three years from the date of retirement.” This meant that petitioner received separate pension calculations based on his time served in NYSLERS and in TRS. Had the five years and seven months been added to the 31 years of TRS service credit, petitioner would have been entitled to approximately $7,000 in additional annual pension payments.
 

 Petitioner’s current CPLR article 78 proceeding challenges the determination as contrary to law, arbitrary and capricious, and violative of the guarantee under the Federal Constitution of equal protection of the laws. Essentially, petitioner argues that the word “transfer” as used in Retirement and Social Security Law § 43 (d) and Education Law § 522 (2) relates to a change of employment. Because petitioner did not change jobs within three years of retirement, he claims the three-year restriction in the statutes does not apply to him.
 

 
 *68
 
 Supreme Court disagreed and held that TRS’s “interpretation * * * was rationally based and in accordance with the intent of the Legislature.” The Appellate Division affirmed. Although it held that deference to agency interpretation was not warranted because this case involved pure statutory interpretation, it nonetheless concluded that many uses of the word “transfer” in the operative statutes refer to “transfers from one service or retirement system to another rather than from one job to another” (250 AD2d 31, 35). We granted leave to appeal, and now modify.
 

 As an initial matter, we agree with the Appellate Division regarding our standard of review. Deference need not be accorded the agency interpretation of the statutes in this case. The central statutory question here does not implicate “knowledge and understanding of underlying operational practices or * * * evaluation of factual data,” which would limit the scope of our review
 
 (Kurcsics v Merchants Mut. Ins. Co.,
 
 49 NY2d 451, 459). Instead of drawing “ ‘upon the special competence [of] the agency’,” the question of what “transfer” means within the context of these statutes is one “of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent”
 
 (Matter of Gruber [New York City Dept. of Personnel
 
 — Sweeney], 89 NY2d 225, 231-232;
 
 see also, Matter of SIN, Inc. v Department of Fin.,
 
 71 NY2d 616, 620).
 

 With this in mind, we first focus on the statutes themselves
 
 (Matter of 1605 Book Ctr. v Tax Appeals Tribunal,
 
 83 NY2d 240, 244;
 
 Doctors Council v New York City Employees’ Retirement Sys.,
 
 71 NY2d 669, 674-675). Both employ similar language. Section 43 (d) of the Retirement and Social Security Law, in describing transfers of “members” between systems, states:
 

 “No such contributor [the employee making a transfer from one retirement system to another], however, shall be entitled on retirement within three years of the date of his transfer, to a greater or lesser pension for such service rendered before his transfer than he would have received had he remained under the pension provisions of the first retirement system.”
 

 Section 522 (2) of the Education Law, in describing the transfer of “contributions” between retirement systems, provides that “transfer” comes
 

 “with the condition that no such contributor shall
 
 *69
 
 be entitled on retirement within three years of the date of his transfer to a greater pension for such service rendered before his transfer than he would have received had he remained under the pension provisions of the first retirement system.”
 

 Thus, an employee who “transfers” within three years of retirement cannot combine the time credited in both retirement systems into one. Taken in isolation, these excerpts could indicate that “transfer” means transfer of credits between systems and not the transfer to another job. Statutory phrases should not, however, be read in isolation. Effect should be given to all words of a statute, particularly where the relevant language forms part of an integral statutory scheme, as is true of the statutes at issue. These statutes, viewed in their entirety, point to the conclusion that “transfer” as used in section 43 and section 522 properly contemplates a change of employment within three years of retirement, not a transfer of service credits alone.
 

 Education Law § 522 further provides that the employee
 

 “shall be credited in the
 
 system to which he is transferring
 
 with all service allowed to him in the first system. Such contributor, notwithstanding any other provision of law, shall on retirement
 
 after three years of service in the second retirement system
 
 be entitled to a pension based on a final average salary earned during any five consecutive years of service” (Education Law § 522 [2] [emphasis added]).
 

 This passage confirms that it is not just the service credits that are doing the “transferring” but the employees themselves. The employee must transfer “service” to another system, that is, work at another job, and indeed, must perform “three years of service” in that other system before the agency can calculate the basis of the retiring employee’s pension. Even more convincingly, Retirement and Social Security Law § 43 (a) requires that any transfer “may be effectuated only if the member has accepted a position in another branch of the state or municipal service” (see
 
 also, Matter of Smith v New York City Employees’ Retirement Sys.,
 
 99 AD2d 302, 303 [Levine, J.],
 
 affd on opn below
 
 64 NY2d 838 [Retirement and Social Security Law § 43 dealt generally with transfers of pension rights “when an individual
 
 changes employment
 
 from or to State service”] [emphasis added]).
 

 
 *70
 
 The three-year restriction merely provides a moderate limitation on the much larger beneficial purpose of Education Law § 522 and Retirement and Social Security Law § 43, which were designed to generally allow an employee to gain the retirement benefits of public service and reduce burdens imposed by changes of employment. Many employees might not be willing to change jobs at the expense of reduced retirement benefits
 
 (see,
 
 Budget Report, at 4 [b], Bill Jacket, L 1971, ch 905 [amending Retirement and Social Security Law § 43 (d)]). As a result, we cannot escape the conclusion that the Legislature intended “transfer” in the context of these statutes to encompass changes of employment.
 

 Any conceivable ambiguity about the meaning of “transfer” is dispelled by the legislative history and TRS’s own statements about the statutes
 
 (Matter of Petterson v Daystrom Corp.,
 
 17 NY2d 32, 38). The legislative documents supporting the various amendments over the years contain statements indicating that these statutes were directed at changes of employment and that the three-year limitation was tied to such job transfers. For example, in amending the precursor to section 43 (d) in 1922, the Senate memorandum in support stated, “The amendment * * * provides for the transfer of a member’s contributions and reserves from one fund to another fund on his transfer from one service to another service” (Senate Mem in Support, Bill Jacket, L 1922, ch 592). According to the Joint Legislative Committee to Study the Employees’ Retirement System in a 1955 memorandum to the Governor, the proposed amendments “make it clear * * * when a person transfers from one system to another under this section [section 43], he comes into the second system as a new member” (1955 NY Legis Ann, at 84, 86).
 

 Likewise, two years later, the TRS itself supported an amendment to section 522 to “conform the provisions of the Education Law applying to the New York State Teachers Retirement System with the provisions of the Retirement and Social Security Law” (Mem to Governor, NY St Teachers’ Retirement System, 1957 NY Legis Ann, at 176-177). TRS explained:
 

 “In the past,
 
 a member of one system upon transfer to a second system
 
 would have to be in the second system five years before such person could retire with the allowance as computed under the second system. This bill will change this requirement from
 
 *71
 
 five years to three years”
 
 (id.,
 
 at 177 [emphasis added]).
 

 Finally, the State Department of Civil Service noted that a 1971 amendment to section 43 “would continue the stipulation that the transferee
 
 must work
 
 a minimum of three years in the second system” (Mem of President, Civ Serv Commn, Ersa H. Poston, Bill Jacket, L 1971, ch 905 [emphasis added]).
 

 Notably, this was TRS’s understanding when it sought legislation to eliminate the three-year restriction. TRS’s memorandum in support of the bill it prepared and had introduced at its request explained:
 

 “These conditions were enacted at a time when it was feared public employees might be able to ‘game’ differences in the rules of public retirement systems relating to calculation of benefits by
 
 changing employment on the eve of retirement
 
 and transferring to the New York State Teachers’ Retirement System in the hope that it would provide a better benefit in their particular circumstances” (TRS Mem re Bill No. 95-10, An Act to Amend the Education Law and the Retirement and Social Security Law [Feb. 1995] [emphasis added]).
 

 The language, history and purpose of section 43 of the Retirement and Social Security Law and section 522 of the Education Law thus indicate that transfers
 
 of employment
 
 within three years of retirement will limit an employee’s ability to combine service credits from two retirement systems. Until an employee completes three years of service after becoming a member of the new system, the pension would be limited to what the employee would have had in the former system. Petitioner, however, did not change jobs within three years of retiring: he served continuously for 31 years as a teacher and was a member of the “second” retirement system — TRS—during that time. He indeed satisfied the requirement of three years of service in TRS before seeking to obtain the benefits of that system, and should, under the statutes at issue, be allowed to combine service credits earned in NYSLERS with those in TRS without the restriction of a separate calculation of pension benefits imposed by TRS.
 

 Regarding petitioner’s claim for attorneys’ fees under 42 USC § 1988, they may be awarded only if petitioner’s Federal equal protection claim is “substantial” and arises out of the “common nucleus of operative fact” as that of the State law
 
 *72
 
 claim upon which petitioner prevailed
 
 (see, Matter of Thomasel v Perales,
 
 78 NY2d 561, 568-569;
 
 Matter of Johnson v Blum,
 
 58 NY2d 454, 458, n 2). There can be little question that the Federal claim springs from the same nucleus of facts as the State law claim. We conclude, however, that the equal protection argument in this case is insubstantial
 
 (see, Matter of Thomasel v Perales, supra,
 
 at 569). That is because the legislative classification between those who transfer between systems within three years of retirement and those who do not has several conceivable justifications — not implicating any Federal right — including TRS’s
 
 proffered
 
 reason to prevent last minute “gaming”
 
 (see, Maresca v Cuomo,
 
 64 NY2d 242, 250). An award, of section 1988 attorneys’ fees is therefore inappropriate here.
 

 Accordingly, the order of the Appellate Division should be modified, with costs to petitioner, and the matter remitted to Supreme Court for further proceedings in accordance with this opinion and, as so modified, affirmed.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Wesley and Rosenblatt concur.
 

 Order modified, etc.