**Sylvette Todd KARAMOKO, Plaintiff,**

v.

**THE NEW YORK CITY HOUSING AUTHORITY, et al.,
Defendants.**

**No. 99 CIV. 9712(DC).**

United States District Court,
S.D. New York.

April 30, 2001.

Mfy Legal Services, Inc., By Nicole M. Zeiss, Esq., New York, for Plaintiff.

Robert L. Doan, Esq., By Steven J. Rappaport, Esq., William T. Stathis, Esq., Roseanne R. Pisem, Esq., New York, for Defendants.

## *AMENDED MEMORANDUM DECISION*

CHIN, District Judge.

Plaintiff Sylvette Todd Karamoko, a mentally disabled woman residing in New York City public housing, brings this action alleging that termination of her tenancy violated her rights under the Constitution and various state and federal statutes. Defendants move to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). For the reasons that follow, defendants' motion is granted in part and denied in part and plaintiff's claims for declaratory and injunctive relief are dismissed.

## *BACKGROUND*

Sylvette Todd Karamoko suffers from bipolar disorder, an illness that qualifies her as mentally disabled. (Comp.¶¶ 16–27). She resides, along with her family, in a public housing development owned and operated by defendant New York City Housing Authority (the "Housing Authority"). (*Id.* ¶ 4, 5). As a disabled Air Force veteran, plaintiff receives monthly veterans' and social security disability benefits. (*Id.* ¶¶ 22–24).

In November 1995, the Housing Authority placed plaintiff on probation for chronic late payment of rent. (*Id.* ¶ 28). Nine months later, on August 14, 1996, the Housing Authority charged plaintiff with chronic delinquency in payment of rent and violation of probation. (*Id.* ¶ 29). An administrative hearing was held on the charges on September 18, 1996 before defendant Hearing Officer Stuart G. Lawrence. (*Id.* ¶ 30). Plaintiff appeared at the hearing *pro se.* (*Id.* ¶ 31).

In a decision dated September 27, 1996, Laurence stated that plaintiff suffered from mental disabilities and had been hospitalized twice that year. (*Id.* ¶ 32). Nevertheless, Laurence concluded that because plaintiff

> has admitted the violation of probation and has given the Hearing Officer no reason to believe she will ever pay the rent on time, there exists no basis on which to mitigate the disposition herein.

(*Id.* ¶ 35). Accordingly, he recommended that plaintiff's tenancy be terminated. (*Id.* ¶ 36). The recommendation was adopted by the Housing Authority on October 9, 1996. (*Id.* ¶ 37).

Thereafter, plaintiff retained MFY Legal Services, which attempted to negotiate with the Housing Authority on plaintiff's behalf. (*Id.* ¶¶ 40–43). By letter dated January 22, 1997, an attorney from MFY asked the Housing Authority to reopen the administrative hearing and to allow plaintiff to electronically transfer her rent money directly to the Housing Authority each month. (*Id.* ¶¶ 42–43).

The Housing Authority commenced a holdover proceeding against plaintiff on May 27, 1997. (*Id.* ¶ 45). Plaintiff's attorney appeared at the proceeding and obtained an adjournment so that the parties could negotiate the requests to reopen the hearing and to allow electronic transfer. (*Id.* ¶ 46). The discussions failed, and Thaddeus Kwasnik, Chief of Tenant Administrative Hearings Division at the Housing Authority, denied both requests in a phone conversation on August 1, 1997. (*Id.* ¶ 47).

On August 14, 1997, plaintiff commenced an Article 78 proceeding in the Supreme Court, New York County, to annul the Housing Authority's termination of her tenancy. (*Id.* ¶ 49). In her Article 78 petition, plaintiff challenged the Housing Authority's determination on various grounds.[1] (Stathis Decl., Ex. 1). Additionally, plaintiff claimed that the Housing Authority's actions violated the Fair Housing Act, the Americans with Disabilities Act (the "ADA"), the New York State Human Rights Law, the New York City Administrative Code, the Fourteenth Amendment of the United States Constitution, and the New York State Constitution. (*Id.*). Plaintiff sought various declaratory and injunctive relief, but did not assert any claim for damages.

Defendants moved to dismiss the petition as barred by the statute of limitations. (*Id.* Ex. 2). By order dated January 14, 1999, Justice Bruce Allen granted defendants' motion and dismissed the complaint on the ground that the four month statute of limitations for initiating an Article 78 petition had expired. (*Id.* Ex. 5). Justice Allen's decision was affirmed by the Appellate Division on June 22, 1999. *See Todd*

---

**1.** Defendants have provided copies of various documents related to the Article 78 proceeding, including the petition. I may refer to these documents in my discussion, for "it is proper to consider public documents on a motion to dismiss to determine whether claims are barred by prior litigation." *Bal v. New York City Loft Bd.,* No. 00 Civ. 1112(JGK), 2000 WL 890199, 2000 U.S. Dist. LEXIS 9179, at *5–6 (S.D.N.Y. Jun. 23, 2000) (citing cases).

*v. New York City Hous. Auth.*, 262 A.D.2d 202, 692 N.Y.S.2d 327 (2d Dep't 1999).

Plaintiffs filed the instant case on September 15, 1999. In the complaint, plaintiff asserts claims based on violations of: (1) the Due Process Clause; (2) the ADA; (3) the Fair Housing Amendments Act; (4) Section 504 of the Rehabilitation Act; (5) plaintiff's rights protected by 42 U.S.C. § 1983; (6) the New York Human Rights Law; and (7) the New York City Administrative Code. Plaintiff seeks both money damages and declaratory relief.

This motion followed.

## DISCUSSION

In support of their motion to dismiss, defendants argue that this Court lacks subject matter jurisdiction over plaintiff's claims under the *Rooker–Feldman* doctrine and that plaintiff's claims are barred by res judicata and collateral estoppel. Defendants further contend that the Court should not entertain plaintiff's request for declaratory relief. I address each argument in turn.

### A. *Rooker–Feldman*

■ Under the *Rooker–Feldman* doctrine, a federal district court lacks jurisdiction over any claim that directly challenges, or is "inextricably intertwined" with, a prior state court decision. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 185 (2d Cir.1999) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923)); *Hachamovitch v. DeBuono*, 159 F.3d 687, 693–94 (2d Cir.1998). The doctrine is premised on the rule that "within the federal system, only the Supreme Court may review a state court judgment." *Id.* at 693.

Despite defendants' contentions otherwise, plaintiff does not directly challenge the decision reached in the prior Article 78 proceeding. (*See* Defs.' Mem. of Law at 8) ("plaintiff now asks this [C]ourt to reconsider" the Article 78 court's determinations). The Supreme Court did not make any findings with regard to the alleged violations of plaintiff's rights; it only addressed her failure to commence the proceeding within the statute of limitations. (Stathis Decl., Ex. 5 at 2). Here, plaintiff does not challenge the state court's decision regarding the statute of limitations. Therefore, this suit will only be barred by *Rooker–Feldman* if it is "inextricably intertwined" with the previous state court proceedings.

The Second Circuit has interpreted the phrase "inextricably intertwined" to mean

> at a minimum, that where a federal plaintiff had an opportunity to litigate a claim in a state proceeding ..., subsequent litigation of the claim will be barred under the Rooker–Feldman doctrine if it would be barred under the principles of preclusion.

*Moccio v. New York State Office of Court Admin.*, 95 F.3d 195, 199–200 (2d Cir. 1996). Although the language of *Moccio* suggests that *Rooker–Feldman* applies to some suits that are not barred by preclusion principles, the Second Circuit has explicitly declined to extend the *Rooker–Feldman* doctrine "beyond the 'minimum' specified in *Moccio*." *See Hachamovitch*, 159 F.3d at 696. Because resolution of the *Rooker–Feldman* issue thus depends on application of preclusion law, I must address whether the principles of res judicata or collateral estoppel bar plaintiff from bringing this action.

### B. *Res Judicata*

■ "Under New York law, the doctrine of res judicata or claim preclusion

bars future litigation of claims that were or could have been raised in a prior proceeding where that prior proceeding resulted in a final judgment on the merits." *Risley v. Fordham Univ.*, No. 99 Civ. 9304(DLC), 2001 WL 118566, 2001 U.S. Dist. LEXIS 1202, at *10 (S.D.N.Y. Feb. 13, 2001) (citing *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir.1997) and *Marinelli Assocs. v. Helmsley–Noyes Co., Inc.*, 265 A.D.2d 1, 5, 705 N.Y.S.2d 571 (1st Dep't 2000)). A party may not escape the effects of res judicata by " 'splitting' his claim into various suits, based on different legal theories," *Waldman v. Village of Kiryas Joel*, 207 F.3d 105, 110 (2d Cir.2000), for "it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action [for res judicata purposes], not the legal theory upon which a litigant relies." *Saud v. Bank of New York*, 929 F.2d 916, 919 (2d Cir.1991). When the prior proceeding is brought pursuant to Article 78 of the CPLR, however, the application of res judicata is subject to certain important limitations. *See Beharry v. M.T.A. New York City Transit Auth.*, No. 96–CV–1203 (FB), 1999 WL 151671, 1999 U.S. Dist. LEXIS 3157, at *14–16 (E.D.N.Y. Mar. 17, 1999), *aff'd*, 242 F.3d 364 (2d Cir.2000).

 Article 78 courts are courts of limited jurisdiction and are unable to award monetary damages. *See id.* at *14 (citing cases). Res judicata thus does not bar claims for damages "where a plaintiff has previously brought a related Article 78 proceeding alleging a violation of his constitutional rights, and subsequently ... seeks monetary damages for the violation of those rights." *Id.* at *15 (res judicata

did not bar claims for money damages brought under 28 U.S.C. § 1983, ADA, and Federal Transit Act regulation); *see also Colon v. Coughlin*, 58 F.3d 865, 870 n. 3 (2d Cir.1995)(§ 1983). Accordingly, plaintiff in this case is not barred by res judicata from bringing claims for damages under § 1983, the ADA, the Fair Housing Act, and the Rehabilitation Act.[2]

 Although res judicata does not bar plaintiff's claims for damages, it does preclude her claims for injunctive and declaratory relief. In New York, a dismissal on statute of limitations grounds operates as a dismissal on the merits for res judicata purposes. *See EFCO Corp. v. U.W. Marx, Inc.*, 124 F.3d 394, 397–98 (2d Cir. 1997) (citing cases). Because of this rule, courts have specifically held that where a plaintiff brought an Article 78 proceeding or other judicial challenge to an administrative decision, and the reviewing court found that the claims were untimely, that decision barred other claims based on the same facts, even though the other claims were not themselves time-barred. *See Bray v. New York Life Ins.*, 851 F.2d 60, 63–64 (2d Cir.1988); *Legal Aid Society v. City of New York*, No. 96 Civ. 5141(SHS), 1997 WL 394609, 1997 U.S. Dist. LEXIS 10053, at *7–9 (S.D.N.Y. Jul. 11, 1997); *Edwards v. City of New York*, No. 94 Civ. 8227(DAB), 1996 WL 154099, 1996 U.S. Dist. LEXIS 4051, at *7–8 (S.D.N.Y. Apr. 2, 1996). The result is indeed unfair, as the Second Circuit has recognized, *see Bray*, 851 F.2d at 64, but this is the result required by New York law, which governs with respect to the issue of the preclusive effect to be given to the prior state court

---

**2.** Because the complaint only seeks damages "incurred as a result of defendants' violation of [plaintiff's] rights under the United States Constitution and Federal law," the Court need not address whether res judicata would bar claims for damages under New York State Human Rights Law, the New York State Constitution and the New York City Administrative Code. (Comp. at 16).

decision.[3] Here, plaintiff specifically sought declaratory and injunctive relief in the Article 78 proceeding based on several of the statutory bases she raises here. Moreover, she could have brought the remaining claims for injunctive relief, which arise from the same factual predicate as the claims brought in the Article 78 proceeding. Because both plaintiff and defendants litigated the Article 78 proceeding to a decision on the "merits," then, plaintiff's claims for injunctive and declaratory relief are precluded by res judicata and *Rooker–Feldman.*

Plaintiff argues that her claims for injunctive and declaratory relief come within an exception to the res judicata doctrine. New York law permits a party in an Article 78 proceeding to "raise a claim that the administrative application of a rule to [her] is unconstitutional," but does not allow the party to raise a general constitutional challenge to a law or regulation. *Hachamovitch,* 159 F.3d at 695. Accordingly, res judicata does not preclude a party to an Article 78 proceeding from bringing a general constitutional challenge in a later civil action. *See id.* In the instant case, however, plaintiff's reliance on the exception is misplaced, for she does not assert a general constitutional claim in this suit. Each request for relief in the complaint refers solely to plaintiff, rather than to mentally disabled tenants in general. (Comp. at 15–16). Moreover, each cause of action relates specifically to the alleged violations of *plaintiff's* rights. (*Id.* at 9–14). Because plaintiff only challenges the actions taken by the Housing Authori-

ty in her particular case, this limitation of res judicata does not apply.

### C. *Collateral Estoppel*

Under New York law, collateral estoppel precludes a party from relitigating an issue where: "(1) the issue in question was actually and necessarily decided in a prior proceeding; and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *Hachamovitch,* 159 F.3d at 695 (quoting *Colon,* 58 F.3d at 869). The party asserting collateral estoppel as a defense "bears the burden of showing that the identical issue was previously decided, while the party against whom the doctrine is asserted bears the burden of showing that it lacked a full and fair opportunity to litigate the issue." *Colon,* 58 F.3d at 869. The fact that the two proceedings involve different causes of action does not preclude the application of collateral estoppel, for, like res judicata, it is the underlying factual issue—not the legal theory—that determines whether a subsequent claim is barred. *See Beharry,* 1999 WL 151671, 1999 U.S. Dist. LEXIS 3157, at *16–17.

Defendants argue that collateral estoppel applies to plaintiff's claims for damages because such claims are inconsistent with certain findings made by the Supreme Court and the Appellate Division.[4] Specifically, defendants contend that the Appellate Division "actually and necessarily decided the issue of whether plaintiff suffered from a mental disability

---

**3.** The Second Circuit explained that such a result is justified on election of remedies grounds: "Once a plaintiff has entered the state system, she is bound by the preclusion rules governing that system, and the federal courts in turn must respect the finality of the judgments that issue from the state court." *Bray,* 851 F.2d at 64.

**4.** I note that defendants do not argue that preclusive effect should be accorded to findings made by Hearing Officer Laurence at the administrative hearing. Accordingly, the Court does not consider this issue.

which rendered her unable to protect her legal rights." (Defs.' Reply Mem. of Law at 2). This argument is without merit. The Appellate Division did not decide any issues of fact—it merely rejected plaintiff's contention that her mental incapacity tolled the statute of limitations. *See Todd,* 692 N.Y.S.2d at 328 ("Petitioner's allegations of mental incapacity serving to toll the statute of limitations are unavailing"). Nor did the Supreme Court, which likewise limited its opinion to the statute of limitations. Because the Article 78 proceeding was "dismissed on statute of limitations grounds prior to any litigation [of the substantive issues] whatsoever, it cannot possibly be said that resolution of issue was 'essential to the decision,' 'actually decided,' [or] 'actually litigated and resolved in the prior proceeding.'" *Cepeda v. Coughlin,* 785 F.Supp. 385, 390 (S.D.N.Y.1992). Defendants have thus failed to establish the requisite elements of collateral estoppel. Accordingly, the motion to dismiss must be denied with respect to plaintiff's claims for damages.[5]

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted in part and denied in part, and plaintiff's claims for declaratory and injunctive relief are dismissed. The parties shall appear for a pre-trial conference on May 18, 2001, at 10:00 a.m.[6]

SO ORDERED.

---

5. Because plaintiff's claims for declaratory relief are barred by res judicata, I need not address defendants' remaining argument that the Court should decline to entertain these claims.

6. This Amended Memorandum Decision supercedes the Memorandum Decision also dated April 26, 2001.