OPINION OF THE COURT
Lawrence Knipel, J.
This is a proceeding pursuant to CPLR article 78 to review a determination of the respondent Department of Consumer Affairs dated December 12, 2001, which affirmed a determination of a Hearing Officer dated March 1, 2001, finding the petitioner guilty of unlawful towing. The petitioner also moves for a preliminary injunction enjoining enforcement of the determination of the respondents and allowing the petitioner to follow the procedures set forth in an order of this court (Bruno, J.), dated August 16, 2001. The respondents cross-move to dismiss the *755 petition, inter alia, on the ground that their determination was rational and proper.
On February 8, 2001, Police Officer Eugene Gallo stopped a tow truck owned by the petitioner L.A.M. Recovery and operated by its president, James Stiles. The vehicle had no markings on it and did not have a license from the Department of Consumer Affairs (DCA) or an exemption sticker. Stiles told the officer he did not need a license since his business was not towing for hire but repossessing vehicles used for collateral. The officer detained Stiles at the scene, and brought him to the precinct where, after several hours of consultation, he issued, inter alia, a notice of violation charging unlicensed towing activity in violation of section 20-496 (a) of the Administrative Code of the City of New York.
A hearing was held February 15, 2001, before an Administrative Law Judge (ALJ). Officer Gallo testified that the truck used by Stiles was equipped with a pickup bed, boom and winch. Although the truck had transporter plates, it did not have a DCA medallion or an exemption sticker. Stiles testified that the petitioner did not tow for hire and that its insurance company precludes him from towing. Stiles further testified that the petitioner was under contract with many financial institutions and was a specialist in the recovery of collateral. He had been repossessing vehicles for 12 years and been stopped a number of times arid never gotten a ticket for not possessing a tow license.
The ALJ concluded that the truck used by Stiles was a tow truck and that therefore the petitioner’s vehicle was engaged in an activity for which a license is required. A citation was issued, ordering L.A.M. to pay a fine of $1,000 with storage and removal costs, and stating that the tow trucks should be seized if the unlicensed activity was not discontinued within 10 days.
The petitioner commenced an action in Supreme Court, Kings County, to challenge the determination of the ALJ, and sought a temporary restraining order and preliminary injunction staying enforcement of the February 16, 2001 citation. DCA cross-moved to dismiss the complaint, inter alia, on the ground that a proceeding pursuant to article 78 should have been commenced, the petitioner did not exhaust its administrative remedies.
By order dated August 16, 2001, Justice Bruno denied the petitioner’s motion for a preliminary injunction without prejudice, and the temporary restraining order was modified to allow the petitioner to “pursue his administrative remedies” at *756 the DCA. The petitioner was to apply for a tow truck license for each tow truck but would not be required to display the license in its stealth vehicles except when actually towing a vehicle. The petitioner had to paint the DCA consumer complaint hotline on all nonstealth vehicles, and, when engaged in towing, the number would be affixed in stealth vehicles in an area which is visible to the public.
The petitioner’s administrative appeal was denied on December 12, 2001, and this proceeding was commenced.
The petitioner contends that the DCA determination that he was unlicensed and that he was not exempt from the licensing requirements was arbitrary and capricious in light of the legislative history indicating that the towing statutes and regulations were designed to regulate commercial towers, not repossessors, and in light of his assertions that subjecting his industry to the licensing requirements would create an undue financial burden upon him. The petitioner submits a letter dated January 17, 1995, from an Assistant General Counsel of DCA addressed to a third party, in which the opinion is expressed that a tow truck exclusively engaged in repossession work need not be licensed as long as, inter alia, the tow trucks do not tow vehicles for the general public.
In addition, the petitioner contends that DCA is preempted by federal law from regulating possessors because DCA’s interpretation and application of the statute does not concern itself with public safety. Moreover, the towing regulations are unconstitutionally applied since there is no reason to differentiate repossessors from other groups granted exemptions. The petitioner argues that its business necessitates operating in stealth mode, because otherwise “defaulted collateralized vehicles would see him coming from miles away and would be able to evade capture by this modern day mechanized bounty hunter.” Further, it is argued, by not allowing members of the repossession industry to have an input into the Tow Advisory Board, the petitioner is denied equal protection of the law.
The respondents cross-move to dismiss the petition because the petitioner did not file a verified petition as required by CPLR 7804 (d) and that therefore this court lacks jurisdiction to consider its claims. In any event, the respondents argue, the determination of DCA that petitioner was engaged in unlicensed towing was rational and proper, the petitioner is not entitled to an exemption, there was no regulatory taking, and the city’s regulations are not preempted by federal law. The respondents annex as an exhibit a letter from the DCA Gen *757 eral Counsel to another third party dated March 13, 2001, stating that after 1995 “DCA ceased its policy of exercising discretion so as to allow repossession businesses to be exempt from the licensing requirement for towing companies. DCA has been strictly applying the exemption provisions in the Towing Vehicles Law, which do not exempt repossession companies.”
Administrative Code of the City of New York § 20-495 (d) defines towing as “the driving or other operation of a tow truck, or the offering to transport a vehicle by means of tow truck.” A tow truck is defined in Administrative Code § 20-495 (e) as “a vehicle that is equipped with a crane, winch, tow bare, push plate, or other device designed to pull or push a vehicle or to raise a vehicle or the front or rear end thereof’ (compare, Vehicle and Traffic Law § 148-b, which defines a tow truck as “A motor vehicle that tows or carries a disabled, illegally parked or abandoned motor vehicle or a motor vehicle involved in an accident”). Section 20-496 (a) provides that “Except as otherwise provided in section 20-524 of this subchapter, no person shall engage in towing without having first obtained a license for such towing business issued pursuant to section 20-498 of this subchapter.” Section 20-524 (1) provides that “[t]he commissioner shall grant an exemption from the provisions of this subchapter” for, inter alia, tow trucks used in the business of a vehicle dismantler, mobile car crusher, itinerant vehicle collector, scrap collector, a franchised public transportation operator, a common carrier, a public utility company, an operator of a school bus, a motor vehicle rental agency.
The branch of the respondents’ motion to dismiss the petition because it is unverified is denied. While not a paradigm of procedural propriety, reading the supporting papers as a whole, including the affidavit of Mr. Stiles sworn to May 30, 2002, this is deemed a proper proceeding. In any event, defects in this regard are to be ignored unless objected to with due diligence, and the alleged defect here was not raised until several weeks after the petition was served (see, CPLR 3022; Matter of Salahuddin v LeFevre, 137 AD2d 937; Matter of Yancy v Hernandez-Pinero, 158 Misc 2d 514; Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C7804:5).
Upon consideration of the rest of the cross motion, it is apparent that the petitioner has cogently demonstrated the responsible and professional way it has conducted its business, and has demonstrated that, in amending and enhancing regulatory control over tow trucks, the city council was primar *758 ily focused upon protecting the public from tow trucks and wreckers that race to the scene of accidents. Nevertheless, a straightforward reading of the above-cited provisions of the Administrative Code makes clear that tow trucks must be licensed unless specifically exempted, and that repossessors are not included in any of the enumerated exemptions. The Administrative Code fails to distinguish tow trucks which recover vehicles from the scene of accidents from those engaged in repo operations. Petitioner’s allegations concerning the need for stealth in repo operations and the insignificant public safety risks attendant therewith are both irrelevant to the determination by this court. Such considerations are more appropriately the province of legislative assemblies. Once enacted, this court is obligated to apply the plain meaning of statutory language which is clear and unambiguous on its face. Under the present statutory scheme, the determination of the DCA finding that the petitioner was engaged in unlawful towing and that it is not exempt from the licensing requirements, was neither arbitrary nor capricious.
The petitioner’s remaining contentions are without merit as well. Although the petitioner claims that compliance with the licensing laws would cause it to sustain severe hardship, the licensing process is not onerous, and the petitioner has failed to demonstrate that it could not comply with the statute and maintain its repossession business. While the parties accuse each other of being unreasonable in trying to comply with the terms of Justice Bruno’s order, no reason is apparent why petitioner cannot comply with DCA procedures and obtain the required licensing. Nor has the petitioner demonstrated that the regulations are preempted by federal law (see, 49 USC § 14501 [c] [1], [2 ]; Ace Auto Body & Towing, Ltd. v City of New York, 171 F3d 765).
The petitioner’s motion for a preliminary injunction is denied, and any injunction currently in effect will expire two weeks after the petitioner is served with this decision, order and judgment with notice of entry.