**L.A.M. RECOVERY, INC., Plaintiff,**

v.

**The DEPARTMENT OF CONSUMER AFFAIRS, et al., Defendants.**

No. 04 Civ. 0701(LAK).

United States District Court,
S.D. New York.

Nov. 22, 2004.

Ronald P. Hart, for Plaintiff.

Gabriel Taussig, Dana Biberman, Sheryl Neufeld, Assistant Corporation Counsel, Michael A. Cardozo, Corporation Counsel of the City of New York, for Defendants.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Plaintiff, who operates an automobile repossession business, has been locked in

combat with the City of New York for almost four years. The City contends that he engaged in "towing" with "tow trucks" and therefore required a license from the Department of Consumer Affairs ("DCA"). Plaintiff disputes this and, in the alternative, argues that the relevant legislation legislation is unconstitutional. Defendants move for judgment on the pleadings dismissing the complaint on principles of former adjudication.

## Facts

### The Initial Confrontation

On February 8, 2001, plaintiff was observed by a police officer in the process of repossessing an automobile in Brooklyn. The officer issued a DCA Notice of Violation charging plaintiff with unlicensed towing activity in violation of Section 20–496(a) of the Administrative Code.[1] At hearing on February 15, 2001, an administrative law judge ("ALJ"), after taking testimony from plaintiff's principal and the officer, found that plaintiff was operating a "tow truck" within the meaning of Section 20–495(d), that there was no applicable exemption, and that plaintiff's vehicle was used "in connection with engaging in an activity for which a license is required pursuant to Administrative Code § 20–496(a)" without a license. Plaintiff was fined $1,000 and directed to cease its unlicensed activity. The ALJ further directed the padlocking of plaintiff's premises if used primarily for unlicensed towing activity and the removal of trucks or vehicles used therein.

### The First State Court Litigation

Plaintiff then commenced an action seeking a judgment vacating the ALJ's determination, declaring that plaintiff was engaged in lawful activity, and granting other relief.[2] It appears that a Kings County Supreme Court Justice temporarily stayed enforcement of the judgment, thus presumably protecting plaintiff for some period against the "padlocking" aspects of the DCA determination. Although the outcome of this proceeding is not material here, the defendants represent—and plaintiff does not deny—that plaintiff's motion for a preliminary injunction was denied and that the temporary restraining order previously entered was modified to allow plaintiff to pursue administrative remedies at DCA provided it applied for licenses for its business and drivers. On December 12, 2001, DCA's director of adjudication denied plaintiff's appeal.

### The Second State Court Litigation

In April 2002, plaintiff commenced an Article 78 proceeding in New York Supreme Court, Kings County, against the City, the DCA, and the DCA commissioner. The supporting affirmation[3] asserted that (1) the DCA's February 2001 decision was arbitrary and capricious,[4] (2) DCA licensing would impose such an undue financial burden on plaintiff as to force it out of business,[5] (3) the DCA is preempted from regulating repossessors by 49 U.S.C.

1. N.Y.C. AD. C. § 20–496(a).

2. *LAM Recovery, Inc. v. Dep't of Consumer Affairs*, No. 11057–01 (Sup.Ct. Kings Co. Mar. 30, 2001).

3. Petitioner never in fact filed any document denominated an Article 78 petition as required by N.Y. CPLR 7804(d). The state court, based upon a "reading [of] the supporting papers as a whole," concluded that the

proceeding was proper. *L.A.M. Recovery v. Dep't of Consumer Affairs*, 193 M.2d 754, 757, 749 N.Y.S.2d 862, 865 (Sup.Ct. Kings Co.2002).

4. Neufeld Decl. Ex. C (Hart Aff.) ¶¶ 23–29, 34–39.

5. *Id.* ¶¶ 30–33.

§ 14501(c),[6] and (4) the City's towing regulations are unconstitutional as applied to plaintiff at least in part because they deprive it of equal protection of the laws.[7] Its memorandum of law asserted also that the application of the City regulations to plaintiff deprived it of due process of law and constituted a regulatory taking.[8]

The state court denied the petition. Insofar as is relevant here, it explicitly and flatly rejected plaintiff's

- statutory argument, holding that

  "a straight forward reading of the above-cited provisions of the Administrative Code makes clear that tow trucks must be licensed unless specifically exempted, and that repossessors are not included in any of the enumerated exemptions."[9]

- regulatory taking claim, stating that:

  "Although the petitioner claims that compliance with the licensing laws would cause it to sustain severe hardship, the licensing process is not onerous, and the petitioner has failed to demonstrate that it could not comply with the statute and maintain its repossession business."[10]

- preemption argument, stating "Nor has the petitioner demonstrated that the regulations are preempted by Federal law".[11]

It held also that "petitioner's remaining contentions are without merit as well."[12]

No appeal was taken from the state court decision.

*This Action*

Plaintiff then brought this action. The complaint contains four counts:

- Count one challenges the City's regulations under the Commerce Clause.

- Count two makes precisely the preemption argument previously rejected by the state court.

- Count three makes the regulatory taking argument previously rejected by the state court.

- Count four seeks damages, presumably on the legal theories set out in the first three counts.

Defendants moved for judgment on the pleadings on the grounds of *res judicata* (claim preclusion) and collateral estoppel (issue preclusion). As plaintiff objected to consideration of materials outside the complaint, the Court notified the parties that it would convert the motion into one for summary judgment dismissing the complaint on those grounds and invite the submission of any other evidence they wished to present.[13] Plaintiff subsequently submitted an affirmation with exhibits.[14]

*Discussion*

The application of issue and claim preclusion, and the intimately related *Rooker–Feldman* doctrine, by federal courts in the wake of prior New York State Article 78 proceedings has received a good deal of attention, especially of late.[15] The law

---

6. *Id.* ¶¶ 44–46.

7. *Id.* ¶¶ 47–48, 57–59, 749 N.Y.S.2d 862.

8. *Id.*, memorandum at 36–42.

9. *L.A.M. Recovery,* 193 M.2d at 758, 749 N.Y.S.2d at 865.

10. *Id.*

11. *Id.*

12. *Id.*

13. Docket item 9.

14. Docket item 10.

15. *E.g., Vargas v. City of New York,* 377 F.3d 200 205–08 (2d Cir.2004); *Latino Officers Ass'n v. City of New York,* 253 F.Supp.2d 771, 778–83 (S.D.N.Y.2003).

may be summarized briefly. As this Court wrote in *Latino Officers.*[16]

> The *Rooker–Feldman* doctrine embodies the principle that "among federal courts, only the Supreme Court has subject matter jurisdiction to review state court judgments."[17] Thus, a federal district court lacks jurisdiction over any claim that "directly challenges, or is 'inextricably intertwined' with, a prior state court decision."[18]

There is debate over the contours and even the continued vitality of the *Rooker–Feldman* doctrine[19] where there is a federal statutory grant of jurisdiction.[20] The Second Circuit has held that where "the precise claims raised in a state court proceeding are raised in the subsequent federal proceeding, *Rooker–Feldman* plainly will bar the action. On the other hand, ... where the claims were never presented in the state court proceedings and the plaintiff did not have an opportunity to present the claims in those proceedings, the claims are not 'inextricably intertwined' and therefore not barred by *Rooker–Feldman.*"[21] The situation is altogether different when a plaintiff had an opportunity to raise a claim in an earlier proceeding, but failed to do so. In those circumstances, the claim will be barred under the *Rooker–Feldman* doctrine if it would be barred under the principles of preclusion.[22]

In this case, the Article 78 Plaintiffs properly could have raised before the Article 78 courts their statutory and constitutional claims that their terminations were discriminatory and retalia-

---

16. *Id.* at 778–80.

17. *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 185 (2d Cir.1999) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983)); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Hachamovitch v. DeBuono*, 159 F.3d 687, 693–94 (2d Cir.1998).

18. *Karamoko v. New York City Housing Auth.*, 170 F.Supp.2d 372, 376 (S.D.N.Y.2001) (internal quotations and internal citation omitted).

19. *Hachamovitch*, 159 .F.3d at 696 (noting debate whether doctrine "is coextensive with preclusion or extends beyond preclusionary rules"); *see also Moccio v. New York State Office of Court Admin.*, 95 F.3d 195, 199–200 (2d Cir.1996) (stating that, "at a minimum, ... subsequent litigation of [a] claim will be barred under the *Rooker–Feldman* doctrine if it would be barred under the principles of preclusion.").

20. *Hachamovitch*, 159 F.3d at 696.

21. *Moccio*, 95 F.3d at 198–99.

22. *Id.* at 199–200 (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring) ("[T]he federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.")).

Some have argued that the Supreme Court's jurisprudence with respect to the preclusive effect of state court judgments and even administrative determinations in federal civil rights cases is unfair and unwise. *See, e.g.,* Marjorie A. Silver, *In Lieu of Preclusion: Reconciling Administrative Decisionmaking and Federal Civil Rights Claims*, 65 IND L.J. 367, 379–94 (1990); *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 506, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982) (Blackmun, J. dissenting) ("The Court has ... constructed a rule that will serve as a trap for the unwary *pro se* or poorly represented complainant. For these complainants, their sole remedy lies in the state administrative process."); 18B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4471.3 (2d ed. 2002) ("It is not apparent why an election to hazard the narrow channels of judicial review should foreclose a claimant who could have steered the safer port of independent federal decision."). Such considerations are not appropriate for this Court, which is duty-bound to apply the governing law.

tory. Although Article 78 courts are courts of limited jurisdiction and may not hear a general constitutional challenge to a law or regulation,[23] they may entertain claims that the application of a rule is unconstitutional.[24] Indeed, the Article 78 courts could have upset the terminations of the Article 78 Plaintiffs if they had demonstrated that their terminations were discriminatory or retaliatory.[25] Thus, the Court must determine whether the Article 78 judgments are entitled to preclusive effect.

Under the Full Faith and Credit Clause's federal implementing statute, "judicial proceedings of any court of any [ ] State ... shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken."[26] Accordingly, the Article 78 judgments command the same preclusive effect in this Court as would be given by the courts of New York.[27]

### A.   Claim Preclusion

■ Under New York law, the doctrine of claim preclusion bars litigation of claims or defenses that were or could have been raised in a prior proceeding where that prior proceeding resulted in a final judgment on the merits and arose out of the same factual grouping as the later claim, even where the later claim is based on different legal theories or seeks dissimilar

23. The only questions that may be raised in an Article 78 proceeding are:
"1. whether the body or officer failed to perform a duty enjoined upon it by law; or
2. whether the body or officer proceeded, is proceeding or is about to proceed without or in excess of jurisdiction; or
3. whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion, including abuse of discretion as to the measure or mode of penalty or discipline imposed; or
4. whether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to a direction by law is, on the entire record, supported by substantial evidence." N.Y. C.P.L.R. 7803.

24. See *Guido v. New York State Teachers' Ret. Sys.*, 94 N.Y.2d 64, 72, 699 N.Y.S.2d 697, 702, 721 N.E.2d 947 (1999) (Article 78 court considered petitioner's federal equal protection challenge to determination of State Teachers' Retirement System regarding pension benefits); *Antonsen v. Ward*, 77 N.Y.2d 506, 515, 569 N.Y.S.2d 328, 332, 571 N.E.2d 636 (1991) (probationary police office alleged in Articl 78 petition that he was terminated from NYPD in violation of NYSHRL); *Doe v. Coughlin*, 71 N.Y.2d 48, 52, 523 N.Y.S.2d 782, 785, 518 N.E.2d 536 (1987) (Article 78 court considered and rejected prisoner's constitutional and statutory challenges to respondents' refusal to allow him to participate in

conjugal visit program because he had AIDS); *Moccio*, 95 F.3d at 199 ("A petitioner [in an Article 78 proceeding] ... may raise a claim that the administrative application of a rule to him is unconstitutional.").

25. See *Parker v. Blauvelt Volunteer Fire Co.*, 93 N.Y.2d 343, 350, 690 N.Y.S.2d 478, 483, 712 N.E.2d 647 (1999) (claims of constitutional rights violations were before Article 78 court to be considered as grounds for annulment of plaintiff's dismissal from Fire Department); *Rameau v. New York State Dep't of Health*, 741 F.Supp. 68, 71 (S.D.N.Y.1990) ("Had the [Article 78] court found that the allegations of discrimination were supported by the facts it could not have found that plaintiff was properly discharged.").

26. U.S. Const. art. IV; 28 U.S.C. § 1738.

27. See *Migra v. Warren City Sch. Dist.*, 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984) ("It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."); *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 87 (2d Cir.2000) (same); *Davidson v. Capuano*, 792 F.2d 275, 277–78 (2d Cir.1986) (same); *see also* 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4469 (2d ed. 2002).

or additional relief.[28] Plaintiff has alleged no claims here that the Article 78 court could not have heard. Nevertheless, there is a further consideration. The general rule of claim preclusion does not apply:

"where the plaintiff 'was unable to ... seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts or restrictions on their authority to entertain ... multiple remedies or forms of relief in a single action, and the plaintiff desires in the second action ... to seek that remedy or form of relief.' "[29]

■ In this case, the plaintiff seeks damages, which are not available to an Article 78 plaintiff except in circumstances not here relevant.[30] Accordingly, the doctrine of claim preclusion does not apply here.[31]

## B. Issue Preclusion

■ Under New York law, issue preclusion "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same."[32] Furthermore, the party against whom the doctrine is asserted must have had a full and fair opportunity to litigate the issue in the first proceeding.[33]

■ Here, it is undisputed that plaintiff's regulatory taking and preemption ar-

---

**28.** *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir.1997) (citing Restatement (Second) of Judgments § 24(1) (1982)) (applying New York law); *see also Parker*, 93 N.Y.2d at 347–48, 690 N.Y.S.2d at 481, 712 N.E.2d 647; *Smith v. Russell Sage Coll.*, 54 N.Y.2d 185, 192–93, 445 N.Y.S.2d 68, 71, 429 N.E.2d 746 (1981); *Reilly v. Reid*, 45 N.Y.2d 24, 29–30, 407 N.Y.S.2d 645, 648–49, 379 N.E.2d 172 (1978) (adopting Restatement approach to res judicata); *Newton Garment Carriers, Inc. v. Consol. Carriers Corp.*, 250 A.D.2d 482, 482–83, 673 N.Y.S.2d 631, 632 (1st Dep't 1998) ("claim preclusion[ ] forecloses a party from ... raising issues or defenses that might have been litigated in the first suit") (citing *Gramatan Home Investors Corp. v. Lopez*, 46 N.Y.2d 481, 485, 414 N.Y.S.2d 308, 310–11, 386 N.E.2d 1328 (1979)).

It is well-established that Article 78 determinations are final judgments on the merits. *See, e.g., Parker*, 93 N.Y.2d at 347, 690 N.Y.S.2d at 481, 712 N.E.2d 647.

**29.** *Parker*, 93 N.Y.2d at 349, 690 N.Y.S.2d at 482, 712 N.E.2d 647 (quoting Restatement (Second) of Judgments § 26(1)(c) (1982)); *see also* Restatement (Second) of Judgments § 26(1)(c) cmt. (c) (noting that the general rule of claim preclusion "assum[es] that the jurisdiction in which the first judgment was rendered was one which put no formal barriers in the way of a litigant's presenting to a court in one action the entire claim including

any theories of recovery or demands for relief that might have been available to him under applicable law," and stating further that "[w]hen such formal barriers in fact exist[ ] and [are] operative against a plaintiff in the first action, it is unfair to preclude him from a second action in which he can present those phases of the claim which he was disabled from presenting in the first."); *Leather v. Eyck*, 180 F.3d 420, 425 (2d Cir.1999) (applying New York law); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994) (claim preclusion inapplicable under New York law where " 'the initial forum did not have the power to award the full measure of relief sought in the later litigation" ') (quoting *Davidson*, 792 F.2d at 278); *Heimbach v. Chu*, 744 F.2d 11, 14 (2d Cir.1984) (application of claim preclusion depends on whether "court in which the first action was brought would have been willing and able to consider the theory that is being advanced in the second action.").

**30.** *Latino Officers Ass'n*, 253 F.Supp.2d at 782.

**31.** *Id.* at 782–83.

**32.** *Ryan v. New York Tel. Co.*, 62 N.Y.2d 494, 500, 478 N.Y.S.2d 823, 826, 467 N.E.2d 487 (1984).

**33.** *Id.*, 62 N.Y.2d at 501, 478 N.Y.S.2d at 826, 467 N.E.2d 487.

guments were made in the state court and necessarily and actually decided against plaintiff. There is no claim that the New York Supreme Court did not afford plaintiff a full and fair opportunity to litigate those contentions. Plaintiff nevertheless resists application of issue preclusion on two grounds.

First, plaintiff argues that preclusive effect should not be given to the state court determinations because this federal court is "a forum of limited jurisdiction with a recognized competence in the adjudication of federal questions ..."[34] The argument flattering but baseless. Our state court brethren also are sworn to uphold the United States Constitution, and Congress has determined that their judgments are to be given full faith and credit.[35]

Plaintiff next contends that preclusive effect should be denied because "the posture of the instant case is different."[36] This action, in plaintiff's submission, "challenges the constitutional validity, *as applied to the plaintiff and others in his position*, of the very law that was supposedly violated ..."[37] But plaintiff ignores the fact that this is precisely the argument it made in the state court.[38]

 The Commerce Clause challenge stands differently because it was not ad-

vanced in the state court action and therefore cannot be foreclosed strictly by issue preclusion. As the Second Circuit noted recently in *Vargas*, the fact that plaintiff failed to raise the issue in state court does not necessarily save it from issue preclusion under *Rooker–Feldman*.[39] If determination of plaintiff's Commerce Clause claim would "require the district court to decide an issue that was previously decided adversely to" plaintiff, then that claim too is barred by issue preclusion.[40] As the parties have not addressed this issue, however, it is premature to resolve it.

### Conclusion

For the foregoing reasons, defendants' motion for judgment on the pleadings dismissing the complaint is converted into a motion for summary judgment for that relief on the grounds of issue and claim preclusion. The motion is granted to the extent that counts two, three, and so much of count four as rest on those counts, are dismissed. It is denied in all other respects without prejudice to a renewed motion addressing the issue raised above.

SO ORDERED.

---

**34.** Pl. Mem. 6.

**35.** 28 U.S.C. § 1738.

**36.** Pl. Mem. 7 (emphasis in original).

**37.** *Id.*

**38.** Plaintiff's memorandum in the Article 78 proceeding stated:

"'Article 78' according 'is not he proper vehicle to test the constitutionality of legislative enactments. [citations omitted] However, it is also well established that "an article 78 proceeding is generally the proper vehicle to determine whether a statute, ordinance, or regu-

lation has been *applied* in an unconstitutional manner." [citation omitted] Such are the unconstitutional results reached by the ALJ below in the present case. *It is the Petitioner's position that both the ALJ's Determination and the DCA's policies, result in an unconstitutional application of § 20–498 et seq., to repossessors in the City of New York.'*" Neufeld Decl. Ex. C (Pl. Mem.) 36 (italics and errors in original, underscoring added).

**39.** *Vargas*, 377 F.3d at 206.

**40.** *Id.* at 207 (quoting *Moccio v. N.Y. State Office of Court Admin.*, 95 F.3d 195, 201 (2d Cir.1996) (internal quotation marks omitted)).